**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WILLIAM BUNTIN,

        Plaintiff,

v.	Case No. 6:14-cv-1394-Orl-37GJK

SQUARE FOOT MANAGEMENT
COMPANY, LLC,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. 26), filed January 5, 2015;

2. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 27), filed March 5, 2015; and

3. Amended Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. 35), filed April 9, 2015.

Upon consideration, the Court finds that the Amended Motion (Doc. 35) is due to be granted.

## BACKGROUND

On January 5, 2015, the parties to this Fair Labor Standards Act ("FLSA") action moved the Court to approve of their settlement agreement ("Agreement"). (Doc. 26.) Upon consideration, Magistrate Judge Kelly recommended that the Court strike the confidentiality and non-disparagement clause but otherwise grant the motion "to the extent that the Court finds the [Agreement] is fair and reasonable." (Doc. 27.)

On March 18, 2015, the Court held a telephonic conference to discuss the terms of the Agreement. (Doc. 32.) At the conclusion of the conference, the Court directed the parties to submit an amended motion for approval of the settlement agreement, explaining in particular what consideration Plaintiff is receiving in exchange for the general release. (*Id.*) Accordingly, the parties now submit for the Court's consideration and approval an amended Settlement Agreement and General Release ("Amended Agreement"). (*See* Docs. 35, 35-1.)

## STANDARDS

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

In actions brought directly by current and former employees against their employers for unpaid wages under the FLSA, district courts must scrutinize any settlement "for fairness" before entering a stipulated judgment. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). Specifically, the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. The Court also must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount

the wronged employee recovers." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[1] District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

## DISCUSSION

The parties move the Court to approve their Amended Agreement to resolve Plaintiff's FLSA overtime wages claims (*see* Doc. 1 ¶¶ 9–17 ("Count I"), ¶¶ 18–27 ("Count II")) and her breach of contract claim (*see id.* ¶¶ 28–38 ("Count III")). (Doc. 35.) For the following reasons, the Court finds that the motion is due to be granted and the Amended Agreement is due to be approved.[2]

### I. Settlement Sum

While the parties need not disclose every facet of their negotiations, they must provide enough information for the Court to determine: (1) whether the compromise pertains to a "bona fide dispute over FLSA provisions," *see Lynn's Food*, 679 F.2d at 1355, such as a disagreement over coverage, exemption, hours worked, or rate of pay, *see Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); and (2) whether

---

[1] The FLSA provides for plaintiffs' recovery of reasonable attorneys' fees if the plaintiff is a "prevailing party" based on the entry of a judgment—whether the judgment is entered by stipulation, by consent, or on the merits. *See Mayer v. Wall Street Equity Group, Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013).

[2] In light of the parties' Amended Agreement, their Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. 26) is due to be denied as moot and the Report and Recommendation (Doc. 27) is due to be terminated as moot.

that compromise is facially "fair and reasonable," *Lynn's Food*, 679 F.2d at 1355.

Under the Amended Agreement, Plaintiff will receive $3,437.50 in unpaid wages and an equal amount presumably for liquidated damages (the "Settlement Sum"). (*See* Doc. 35-1, pp. 1–2; Doc. 35, p. 3). This is a compromise from the $10,844.52 he initially sought.[3] (*See* Doc. 21-1, p. 3). The parties represent that the compromise pertains to a bona fide dispute over FLSA provisions because Plaintiff contends he is owed overtime wages but Defendant "contends that it properly paid Plaintiff for all hours that he actually worked" and that Plaintiff is not owed any additional compensation of any type. (Doc. 35, p. 4.) They further represent that, in reaching the compromise, they "recognized and took into consideration the risks and costs associated with protracted litigation in reaching [a] resolution." (*Id.*) This is sufficient information for the Court to determine that the compromise pertained to a bona fide dispute over FLSA provisions. *See Lynn's Food*, 679 F.2d at 1355. Moreover, the Court is satisfied that the parties have provided a "full and adequate disclosure of the terms of the settlement, including the factors and reasons . . . justifying the compromise of [Plaintiff's] claims." *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Further, the parties agree that the Settlement Sum is "fair, reasonable, and adequate," (Doc. 35, p. 4) and there is nothing in the record to suggest otherwise. Thus, the Court finds that the damages to be paid to Plaintiff represents a fair and reasonable compromise of his FLSA claims.

---

[3] In his answers to the Court's interrogatories the Plaintiff claimed lost wages of $5,422.26 and liquidated damages in a like amount. He also claimed an alleged unpaid bonus in the approximate amount of $800.00. Accordingly, the settlement provides Plaintiff with approximately 70% of his claimed losses.

**II.     General Releases**

Ordinarily, a "'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" is not permitted under the FLSA, as it potentially confers an "undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, if plaintiffs receive adequate compensation in addition to the entitled benefits under the FLSA, then general releases can be permissible. *See, e.g.*, *Caamal v. Shelter Mortg. Co.*, 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (collecting cases). The problem, of course, is that in most cases the Court has no idea what, if any, other potential claims the plaintiff may have and what, if any, value to ascribe to the claims being extinguished. Where the release is prospective, neither does anyone else. Thus, it is impossible to conduct any meaningful review of the "reasonableness" of the consideration received for the general release. As this Court has previously observed, this lack of information makes a fairness determination difficult if not impossible. *Bright v. Mental Health Res. Ctr, Inc.,* No. 3:10-cv-427-J-37TEM, 2012 WL 868804, *4 (M.D. Fla. March 14, 2012).

The Amended Agreement provides for a mutual general release (*see* Doc. 35-1, pp. 2–3). Mutual general releases add little to the fairness analysis without information in the settlement agreement outlining the value of the claims being relinquished by both employer and employee. It should go without saying that the extraction of concessions on amounts owed under the FLSA in exchange for an employer agreeing to forego a heretofore uncontemplated right to sue the employee on the way out the door would not

add much to the value side of the ledger for the employee. This Court agrees that typically, a full general release by Defendant in Plaintiff's favor does not necessarily constitute "adequate compensation in addition to the entitled benefits under the FLSA." *See Caamal*, 2013 WL 5421955 at *4.

On the facts of this case, the Court is asked to make an exception. In exchange for the general release, Defendant agrees to provide Plaintiff with a neutral reference. (Doc. 35-1; Doc. 35, p. 5.) Defendant agrees to only discuss with Plaintiff's potential employers his dates of employment and his last position held "and [it] will not provide any additional information often requested . . . such as whether the employment ended due to resignation or termination, reason for termination, whether the individual is eligible for rehire, etc." (Doc. 35, p. 5.) A neutral reference may, in some cases, justify concessions to the employer beyond the release of the FLSA claim. *See Caamal*, 2013 WL 5421955 at *4 (considering a neutral reference a form of consideration). Also, Plaintiff states that "the general release from Defendant provides him with value equal to the value that Defendant receives from his general release. [He] garners peace of mind knowing that Defendant is foregoing its right to bring a claim for anything occurring prior to the execution of the Agreement." (*Id.*) As noted above, the Court is skeptical of consideration in this form. However, the parties ascribe significance to the dispute over allegedly unpaid bonus and commissions as well as a potential claim for attorney fees and costs pursuant to Florida Statutes § 448.08. They also assert that Plaintiff values the employer's release to extinguish potential claims for "corporate espionage, theft, negligence, property damage, defamation, etc." (Doc. 35-5.) In light of those representations, the Court credits the parties' position that Plaintiff is receiving independent consideration apart from that

owed to him under the FLSA—the general release by Defendant and a specific neutral reference—and permits the mutual general release. (*See id.*)

### III.  Attorney's Fees

In an FLSA lawsuit for unpaid minimum or overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Court must review the reasonableness of counsel's legal fees to insure that the attorneys are adequately compensated for services rendered, and that no conflict of interest taints the claimant's recovery. *Silva*, 307 F. App'x at 351.

The Settlement Agreement provides that Plaintiff's counsel will receive $6,500 in fees and costs. (Doc. 35, p. 6; Doc. 35-1.) Significantly, the parties represent that they "separately negotiated alleged claims for attorney's fees" (Doc. 35, p. 3), and nothing in the record indicates that Plaintiff's recovery would be adversely affected by the amount to be paid to his attorney. This is sufficient to establish the fairness and reasonableness of the fees. *See Bonetti*, 715 F. Supp. 2d at 1228.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. 26) is **DENIED AS MOOT**.

2. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 27) is **TERMINATED AS MOOT**.

3. Amended Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice (Doc. 35) is **GRANTED**.

4. The parties' Amended Settlement Agreement (Doc. 35-1) is **APPROVED**.

5. This action is **DISMISSED WITH PREJUDICE**.

6. The Clerk is **DIRECTED** to terminate all pending deadlines and to close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 26, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record